## Lincoln Avenue and Niles Centre Gravel Road Company,

### *v.*

### Philip Daum.

Turnpike—*toll chargeable only to those passing through toll gates.* Where the charter of a turnpike company authorized it to erect toll gates at the end of every two miles of its road, and to collect toll at such toll gates at not to exceed certain specified rates per mile, and to stop and detain persons using the turnpike, at the toll gates, until they paid the toll, it was *held*, that every traveler who passed a toll gate should be assumed to have traveled the number of miles that the next toll gate in the direction whence he came was distant, and should be chargeable with toll for that distance, and that a person traveling on the road for some distance between toll gates, and turning into another road before reaching a toll gate, in good faith, and not for the purpose of passing by a toll gate, is not chargeable with toll.

Appeal from the Superior Court of Cook county; the Hon. Joseph E. Gary, Judge, presiding.

Mr. J. V. LeMoyne, for the appellant.

Mr. James S. Murray, for the appellee.

Mr. Justice Scholfield delivered the opinion of the Court:

Appellant organized as a corporation, and constructed its road, under the provisions of the "act to provide for constructing, maintaining and keeping in repair, plank, gravel or macadamized roads or pikes, by a general law," approved February 21, 1859 (Public Laws of 1859, p. 154).; and the only question involved in the present controversy is. whether a person, traveling some distance on appellant's road, between toll gates, and turning into another road before reaching a toll gate, in good faith, and not for the purpose of passing by a toll gate, is liable to the payment of toll for the distance he thus traveled on appellant's road.

The fourth and fifth sections of the act referred to are as follows:

"Sec. 4.　When two miles of such road or pike may be completed, such company may erect and maintain a toll gate thereon, and one toll gate for every two miles completed thereafter, and shall have power to fix and regulate the tolls to be charged and paid for passing on such road or pike: *Provided*, the tolls. charged shall not exceed, for every vehicle drawn by two animals, three cents per mile, and one-half cent additional a mile for every animal more than two; for every ten of neat cattle, one cent; for every ten of sheep or swine, one cent a mile; for every horse and rider, or led horse or mule, one cent per mile.·

"Sec. 5.　It shall be lawful for toll gatherers on such road or pike to stop and detain any person going on the same, until the toll properly chargeable shall be paid; and any

person who shall use such road or pike and refuse to pay said toll, shall forfeit and pay, for such refusal, the sum of five dollars; and any person who, to avoid the legal toll chargeable on such road or pike, shall turn off the same, and, passing toll gate, again enter upon the same, shall forfeit and pay the sum of ten dollars; and any person who shall forcibly pass any toll gate on such road or pike, without having paid the legal toll, shall forfeit and pay the sum of twenty-five dollars. All penalties and forfeitures incurred under this section may be recovered, with costs of suit, in an action of debt, in the name of such company and for its use, before any justice of the peace of the proper county, or any court having jurisdiction thereof."

The inquiry arises, does the fact that toll gates are to be erected and maintained, necessarily imply that tolls are to be paid there and not elsewhere? It is manifest they serve no other purpose than the collection of tolls—and it is indispensable, both to the interests of the company and those who patronize the road, that there shall be permanent places, within convenient distances, at which toll shall be paid; for, otherwise, the company would be at the expense of patroling the entire road with toll-gatherers, and travelers would be subjected to annoyance and delay by being stopped at the end of each mile of their travel for the payment of toll. There being nothing in the act which expressly authorizes tolls to be demanded elsewhere, or requires their payment at any other place, the reasonable conclusion is, that by designating where toll gates shall be erected and maintained, it was designed to fix the places for the demand and payment of tolls, and this is sustained by the authorities. Angell, in his work on Highways, sec. 360, says: "A turnpike company can collect its tolls only at the legally established gates," and he refers to numerous authorities as sustaining the position.

If tolls are due and payable only at the gates, it would seem necessarily to follow that only those can be required to pay them who pass through the gates. It could scarcely be

pretended that a person traveling with a team or driving animals should, when it became necessary in following the line of his journey to depart from the road at a point a mile remote from the next toll gate, as might frequently happen, be required to leave them in the road until he went to the toll gate and paid his toll and returned; or that a person entering upon the road, at a point some distance from a toll gate, and leaving it before reaching the next one, should be required to act in like manner.

It would be unjust to the company to subject it to the expense of having persons stationed at every possible point of access to the road, along its entire line, in order to ascertain where persons first commence traveling upon it; and it would also be unjust and very dangerous to, if not destructive of, its prosperity, to require that it should abide by the answer of every traveler as to the distance he has used the road.

The act speaks of the tolls per mile, but it does not prescribe how the miles traveled shall be ascertained. The language, by itself and taken literally, of course, would leave the number of miles traveled, in every case, to be settled as a question of fact, and, when disputed, determined in an action at law, by a jury, from a preponderance of the evidence. But, considered in connection with the clause providing for the erection and maintenance of toll gates, at which payments of tolls are to be made, and in view of the impracticability of determining the actual number of miles traveled in every case, the only reasonable construction, as it seems to us, is to hold that every traveler who passes the gate shall be assumed to have traveled the number of miles that the next toll gate in the direction whence he has come is distant; in other words, is chargeable with tolls based on that mileage for the privilege of passing through the gate; and, as a corollary to this, none are chargeable with tolls who do not pass the gate.

This construction is sustained by the following cases arising under charters, differing from the act under consideration in no important respect: *Stuart* v. *Rich*, 1 Caines, 181–3;

*Mallory* v. *Austin*, 7 Barb. 627; *People* v. *Kingston & Co.* 23 Wend. 193; *Buncomb Turnpike Co.* v. *Mills*, 10 Iredell 30; *Turnpike Co.* v. *Vandusen*, 10 Vt. 199; *Lexington, etc., Turnpike Co.* v. *Read*, 2 B. Monroe, 30.

*Nicholson* v. *The W. and G. Turnpike Co.* 11 Dutcher, 142, cited by appellant, seems to hold a different rule, but to the extent this is not warranted by the difference in the phraseology of the charter then under consideration, from that in the cases before cited, we do not regard the reasoning by which it is sustained as satisfactory.

The judgment is affirmed.

*Judgment affirmed.*